This is an appeal from the Circuit Court of St. Clair County. The trial court found the issues in favor of the defendant-appellees, the Lees and Goodgames, and against the plaintiff-appellants, Charles and Viva Dean Allison. The Allisons appeal from that decree of the trial court.
The issue for our determination is whether the learned trial court erred to reversal by its finding that plaintiff-appellants forfeited a deposit made by them. The deposit was made under the provisions of a real estate sales contract entered into between the parties. We are also called upon to determine whether the trial court committed error to reversal by failing to consider certain parol evidence. We find no such error, and affirm.
The following pertinent facts are revealed by the record:
On July 12, 1974, plaintiff-appellants entered into a contract whereby they were to buy and defendant-appellees were to sell certain real property. The purchase price of $150,000 was to be paid in the following manner: $2,000 was deposited with appellees by appellants as "earnest money," when the parties entered into the land sales contract; $48,000 was to be paid upon closing the sale; and the remainder was payable in annual installments. The contract also contained the following provisions which are germane to this appeal:
 "The sale shall be closed and the deed delivered on or before within 60 days or upon the sale of the purchasers' home at 1040-50th Place, South, whichever shall occur last. . . .
 "In the event the Purchaser fails to carry out and perform the terms of this agreement the earnest money, as shown herein shall be forfeited as liquidated damages at the option of the Seller, . . ."
On January 10, 1975, the appellees through their attorney informed appellants *Page 151 
by letter that the contract was terminated and their $2,000 deposit forfeited.
Appellants on May 22, 1975, filed suit against appellees, seeking damages in the amount of their deposit, plus interest and attorney's fees. After conducting a hearing in which oral testimony was taken, the learned trial judge entered a decree wherein he found that plaintiff-appellants were not entitled to the relief prayed for in their complaint. As noted earlier, plaintiff-appellants take this appeal from that decree. It is appropriate at this point to remark that appellees have not favored this court with a brief.
Able counsel for plaintiff-appellants initially contends in brief that the learned trial judge erred to reversal by not considering parol evidence as to the intent of the parties with respect to the contractual provision quoted above which required the sale to be closed ". . . within 60 days or upon the sale of the purchasers' home . . ., whichever shall occur last . . ." It is appellants' alleged failure to comply with this provision which provoked the termination of the contract and which is the basis of this lawsuit.
In this regard, we initially note that a substantial amount of oral testimony concerning the effect of this contractual provision was admitted into evidence by the learned trial judge. As such, we take appellants' contention to be that this testimony was not considered by the trial judge in arriving at his final decree, although he did allow it into evidence. Certain language in the decree lends itself to this contention of appellants. However, assuming appellants' argument to be correct, our examination of the record has revealed no parol evidence which would have required the learned trial judge to reach a different result had that evidence been in fact considered by him. Any error committed by the trial judge in not considering this evidence, if such was the case, was thus harmless under Rule 45, ARAP.
Certain other parol evidence bearing on the contractual provision in question was excluded by the trial judge, but this was done due to the objections of counsel for appellants. Appellants therefore cannot now be heard to complain that the evidence was wrongly excluded. The judicial system could not function effectively were a litigant allowed to predicate error on what is essentially his own action.
Appellants' first contention is thus without merit.
Appellants also argue that the trial court erred to reversal by its finding that appellants were not entitled to recover their "earnest money." Their reasoning is that the terms of the contract provide the sale is not to be closed until appellant's home is sold. Since their home was never sold, they argue, they were never in breach, and appellees' termination of the contract was thus wrongful as to them.
We disagree. While the contract purports to provide that the sale will be closed upon the disposition of the appellants' home, the practical effect of such a provision would be to prevent consummation of the sale indefinitely were appellants unable to find a buyer for their house. In this context, it is not amiss to note that appellants stated during the hearing below the fact that they had, at that time, still not found a buyer for their house.
To give effect to such a provision would be manifestly unreasonable. In instances such as this, the law declares that performance must occur within a reasonable time, as reasonable results are favored in the construction of contracts. Willistonon Contracts, 3d Ed. § 620; 17 Am.Jur.2d Contracts §§ 252, 339;Lowery v. May, 213 Ala. 66, 104 So. 5. Appellants thus had a reasonable time in which to effect a sale of their house and perform their part of the contract.
In our view, the sale of appellants' home was not a condition precedent to *Page 152 
closing the contract. Rather, sale of the home was merely an event set as a convenient time for closing to take place. Appellants had an absolute obligation to perform under the contract at that time, which obligation was not in any way made conditional. See 81 A.L.R.2d 1338.
Appellees did not terminate the contract for over six months after it was entered by the parties. To this court, in this instance, a reasonable time for appellants to dispose of their house and close the sale had expired when the contract was terminated. Appellants had thus failed to comply with the provisions of the contract, giving appellees the right to terminate it and to exercise their contractual right regarding forfeiture of the earnest money.
We consider it appropriate to note that the evidence shedding light on the provision in question is meager, with the result that we have in our construction of the contract been forced to rely in large part on the instrument alone.
Appellants appear to also contend that the contract is void due to the fact that it is evidently impossible for them to sell their home. We find no merit in this contention. It is answered by our discussion above.
We would finally remark that we have reviewed this case in accordance with the well-established principle of law that decrees of the trial court rendered after hearing witnesses oretenus will be given every favorable presumption and will not be disturbed unless palpably wrong. See 2A Ala.Dig. Appeal andError 931 (1).
All issues presented having been considered, and there being no error to reversal in the record, the case is due to be and is affirmed.
AFFIRMED.
WRIGHT, P.J., and BRADLEY, J., concur.